**Affirm and Opinion Filed November 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00582-CV

### THE STATE OF TEXAS FOR THE
### BEST INTEREST AND PROTECTION OF D.S.

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-13-50415**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

D.S. appeals the trial court's judgment of commitment ordering temporary inpatient mental health services. In nine issues, D.S. contends the evidence is legally and factually insufficient to support the trial court's findings by clear and convincing evidence that she was likely to harm herself, her ability to function was deteriorating because of mental distress, and she was unable to make a rational decision as to whether to submit to treatment. In her tenth issue, she challenges the trial court's decision ordering her to receive mental health services as an inpatient instead of as an outpatient. We affirm.

The burden of proof for an involuntary commitment is clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West Supp. 2013). Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588

S.W.2d 569, 570 (Tex. 1979). Because the state has a heightened burden of proof in commitment cases, this Court applies a heightened standard of review. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In reviewing a legal sufficiency claim, we examine all the evidence in the light that is most favorable to the finding in the order, resolving disputed facts in favor of the finding if a reasonable factfinder could do so and disregarding all contrary evidence unless a reasonable factfinder could not do so. *State v. K.E.W.*, 315 S.W.3d 16, 25–26 (Tex. 2010). In conducting a factual sufficiency review, we will consider the evidence that the fact finder could reasonably have found to be clear and convincing and then determine, based on the entire record, whether the fact finder could have formed a firm belief or conviction that the allegations in the application were proven. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

A trial court may order a proposed patient to receive court-ordered temporary inpatient mental health services only if it finds, from clear and convincing evidence, that the patient is mentally ill and at least one of three criteria exists as a result of that mental illness. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a). The three criteria are: the patient is (1) likely to cause serious harm to herself; (2) likely to cause serious harm to others; or (3) suffering severe and abnormal mental, emotional, or physical distress; deteriorating in her ability to function independently; and unable to make a rational and informed decision as to whether or not to submit to treatment. *Id*. To be clear and convincing, the evidence must include expert testimony and, unless waived, evidence of a recent overt act, either physical or verbal, or a continuing pattern of behavior that tends to confirm the likelihood of serious harm to the patient or the distress and deterioration of her ability to function. *Id*. § 574.034(d); *K.E.W.*, 315 S.W.3d at 24.

In this case, the trial court found D.S. mentally ill (a finding she does not challenge) and that the first and third criteria were met. During the hearing, Dr. Margaret Weidow, a staff psychiatrist at Terrell State Hospital, testified D.S. has bipolar I disorder, and her "most recent

episode" was "manic with psychotic features." According to the hospital records, D.S. told the police she was suicidal in late March 2013. At that time, she was taken to Parkland Hospital where she was agitated, shouting, and had pressured speech. She was taken to Hickory Trail Hospital and, on April 3, 2013, transferred to Terrell State Hospital. While at Terrell, D.S. complained she was "being denied food because she is suicidal." Weidow said she had a difficult time determining if D.S. was, in fact, suicidal because D.S. refused to answer certain questions which would allow Weidow to make the assessment.

Weidow described D.S. as a fifty-two year old grandmother who is "separated, divorced, or otherwise estranged from her husband." Weidow said D.S. weighs about 88 pounds, is "severely underweight," and "looked cachectic or like a cancer patient." She demanded and was given a vegan diet but nevertheless refused food on a regular basis. D.S. called the hospital complaint line, stating she was being denied food. This complaint also included that she was not able to eat because she was suicidal. A dietician met with D.S. and noted "the patient changes what she can eat and can't eat. One day she's allergic to milk products and wheat products, and the next day she's not allergic to milk or wheat. Patient today is refusing to eat." Weidow stated D.S. was "certainly malnourished" and "going to injure her immune system and her overall health."

D.S. has been belligerent, delusional, and "very uncooperative" while at Terrell and had refused to take any medications. Weidow described D.S. as agitated, loud, shouting, paranoid, and intrusive, all of which she attributed to D.S.'s mental illness. In her opinion, D.S. needed to be on a mood stabilizer and an antipsychotic to help her "think more rationally and behave more appropriately." D.S. had been admitted to a state hospital nine times, with four of those being at Terrell. Weidow said although D.S. would "love to do outpatient," she had a history of not following through on outpatient assignments. Specifically, D.S. had been "assigned to outpatient

fourteen times over the years" and had not "followed through, at least, for any length of time." Weidow anticipated D.S.'s stay at Terrell would need to be "very brief."

In contrast, D.S. told hospital staff she is in her twenties and has two children, a two-year-old and a seven-year-old. D.S. told Weidow a county bailiff in the records building took her to the bathroom and beat her up. She was then arrested and transported to jail for trespassing. At Lew Sterrett, they "beat her some more" and transported her to Parkland Hospital. She denied being suicidal or telling anyone she wanted or intended to commit suicide. She claimed the hospital did not give her enough food "to sustain life" and that she lost seven pounds in ten days. She denied being uncooperative and refusing medications.

Thus, the record demonstrates D.S., who is mentally ill, told police and hospital personnel she was suicidal. She refused to eat and was severely underweight. Doctors at Parkland and Terrell described her as delusional, uncooperative, and refusing medications. She had frequent loud outbursts and was agitated, paranoid, and intrusive. These statements and behavior fall within the kinds of overt conduct considered relevant to a commitment determination, and the trial court was required to consider those acts in light of D.S.'s mental illness. *See K.E.W.*, 315 S.W.3d at 26. Viewing this evidence in the light most favorable to the trial court's finding, we conclude there is legally sufficient evidence to support the findings D.S. was likely to cause serious harm to herself or was suffering severe and abnormal mental, emotional, or physical distress, deteriorating in her ability to function independently, and unable to make a rational and informed decision as to whether or not to submit to treatment. And the record shows, by clear and convincing evidence, D.S. has a history of not completing outpatient assignments. After considering all of the evidence, we conclude the fact finder could have formed a firm belief or conviction that the allegations in the application were proven. We overrule D.S.'s issues.

We affirm the trial court's judgment.

　　　　　　　　　　　　　　　　　　　/Molly Francis
　　　　　　　　　　　　　　　　　　　MOLLY FRANCIS
130582F.P05　　　　　　　　　　　　JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF D. S.

No. 05-13-00582-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. MI-13-50415.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that Dawn Semora bear all costs of this appeal.

Judgment entered this 19th day of November, 2013.

/Molly Francis

MOLLY FRANCIS
JUSTICE